[SUNBURY, JULY 3, 1829.]

## HAYS *against* LUSK.

### IN ERROR.

A sealed bill, given by a party in the custody of a constable, for the purpose of settling a proceeding against him on a charge of killing some of his neighbour's cattle, is good, if no fraud or misrepresentation have been used.

If the bill express, that it is to be paid at a given time, if the obligor " cannot make it appear, that no person else committed the trespass," it does not throw the burden of proof on the obligee.

ERROR to the Court of Common Pleas of *Lycoming* county.

The circumstances of this case are so fully developed in the opinion of the court, that a further report is deemed unnecessary.

*Armstrong* and *Anthony,* for the plaintiff in error.

*Campbell,* for the defendant in error.

The opinion of the court was delivered by

SMITH, J.—The action was originally brought by the plaintiff in error against the defendant, before a justice of the peace, who had rendered a judgment for the plaintiff, from which the defendant appealed to the Court of Common Pleas of *Lycoming* county. On the trial in that court, the plaintiff, in support of his action, gave in evidence two *due bills* from the defendant and one *John Reed* to him; one in the following words:—

" Due to the order of *John K. Hays,* the sum of thirty dollars, on or before the first day of *December* next, provided the said *Lusk* cannot make it appear, that no person else committed the trespass, with interest from this date. Given under our hands and seals this 14th day of *August,* A. D. 1823."

The other bill was in the same words, except that it was dated the 13th of *August,* 1823, for thirty dollars, payable on or before the 1st of *April,* 1824, with interest from its date. The pleas were *nil debet,* and payment, with leave to give the special matter in

(Hays *v.* Lusk.)

evidence. Replications and issues. On the 11th of *December*, 1827, a trial was had, and a verdict and judgment were rendered for the defendant. Before verdict, the plaintiff's counsel excepted to the charge of the court, and requested that the same might be filed of record. The defendant, under the issue upon the plea of payment, proved, that he was under an arrest on a *Capias* at the suit of the plaintiff, in an action of trespass, for the shooting and killing some of the cattle of the plaintiff, and that while he was so, the constable conversed with him, in a way calculated to intimidate him, stating, that he had better settle with the plaintiff, who would not be hard with him, and that the charge would be proved upon him; that the plaintiff, at the same time, had declared, he believed he could prove it; and, that he, the defendant, at all times, denied the charge. The court, thereupon, among other matters, charged the jury, that " bonds, or bills under seal, generally speaking, import a consideration; but, in this case, as well as in many other cases which have happened, *the burden of proof of consideration is thrown upon the plaintiff.* To these notes a condition is annexed, so unreasonable, that the defendant was not obliged to perform it in avoidance of the single bills, but it became the plaintiff to give some evidence or proof of the defendant killing the cattle."

In this, the plaintiff alleges, that the court erred, and has assigned it for error here. It is true, and the law was so far correctly laid down, that bonds, or bills under seal, import a consideration; but, in our opinion, the court erred, in stating to the jury, that in this case the burden of proof of consideration was thrown upon the plaintiff. There is nothing in this case to take it out of the general rule. The defendant was charged with a trespass, in killing the plaintiff's cattle, and a suit had been brought against him for it. On their way to the justice, the plaintiff alleged, he could prove his cause of action, which the defendant denied; it was, therefore, a controversy about a doubtful matter; a risk was to be encountered by each party, and must have been taken into consideration by both. At length a compromise was proposed by the defendant, into which the plaintiff signified his readiness to enter; an agreement or compromise was actually entered into and made, and in consequence thereof, the bills single were sealed and delivered by the defendant, and a surety to the plaintiff. Clearly this contract was valid, if there was no concealment, or unfair dealing by the party in whose favour the compromise is supposed to operate; and, to this effect was the decision of this court in *Perkins* v. *Gay*, 3 *Serg. & Rawle*, 332. There was no concealment, or unfair dealing that I can perceive on the part of the plaintiff. The compromise then, being of a doubtful suit, formed a sufficient consideration, for the single bills of *Lusk* and his surety to *Hays*. I admit, that if, on the trial of the cause, *Lusk* had shown, to the court and jury, that some other person had committed the trespass, it would have availed him, for it would have satisfied any court of justice, and jury, that the pay-

(Hays *v.* Lusk.)

ment of the bills ought not to be enforced. But, on the issue joined upon the plea of payment, the burden of proof lay upon the defendant, and not on the plaintiff, as the court below supposed. The bills single, on the face of them, imported a consideration; and, the proof, that they had been passed by the defendant to the plaintiff for an actual consideration, was by no means thrown upon him, nor was it incumbent on him to prove, that the defendant had destroyed the cattle. The court, therefore, were in an error, when they stated, "that the burden of proof of consideration was thrown upon the plaintiff." It is evident to me, that *James Lusk* entered into a solemn agreement with *John K. Hays,* to compensate him by these bills, for a serious injury committed on his property; that he compromised with him for this injury, made the agreement with his eyes open, well knowing his rights, (at least, none were concealed from him;) and he, therefore, must be supposed to have been acquainted with the consequences which the law would impose on him. Agreements are not to be set aside on slight grounds; indeed, it would be most mischievous to do so. We think, that as the court required the plaintiff, before he could recover on the bills, to prove, that the defendant had killed the cattle, they erred. The judgment must, therefore, be reversed, and a *venire facias de novo* awarded.

Judgment reversed, and a *venire facias de novo* awarded.