**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 22, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BRIAN DEWAYNE JONES,

      Defendant - Appellant.

No. 09-5086
(D.C. No. 08-CR-00184-GKF-1)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.[**]

---

Defendant-Appellant Brian DeWayne Jones appeals from his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Mr. Jones received a sentence of 15 years in prison, the mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), followed by five years' supervised release. Mr. Jones's appointed counsel moved

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

to withdraw and filed a brief as the Supreme Court directed in Anders v. California, 386 U.S. 738, 744 (1967). Mr. Jones was served with a copy of the Anders brief and filed a response. Having jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 3742(a), we grant the motion to withdraw and dismiss the appeal.

On January 14, 2009, Mr. Jones pled guilty to one count of being a felon in possession of a firearm. 1 R. 10-16. In a thorough plea colloquy, Mr. Jones confirmed to the district court that he was satisfied with his counsel's representation. 2 R. 14. Mr. Jones also acknowledged that he faced a "likely" mandatory minimum sentence of 15 years in prison under the ACCA and a maximum sentence of life in prison. 2 R. 15-16. Mr. Jones admitted to the underlying crime, as well as the three convictions for separate drug offenses that trigger the ACCA. 2 R. 24-28. Despite Mr. Jones' stated satisfaction with counsel at the plea hearing, days after his plea he filed a pro se motion to dismiss his appointed counsel. 1 R. 18-20. Likewise, on April 15, 2009 his counsel moved to withdraw, citing an inability to communicate with his client. 1 R. 21-22. The district court assigned Mr. Jones a new attorney the next day. 1 R. 23.

At the June 5, 2009 sentencing hearing, the district court denied Mr. Jones's various outstanding pro se motions: to represent himself and keep his appointed counsel as advisory counsel, to obtain a medical examination, to access a law library, to withdraw his guilty plea, and to continue the sentencing hearing. 1 R. 39-44; 2 R. 61-62. The district court sentenced Mr. Jones to the mandatory

minimum sentence under the ACCA, which was at the low end of the advisory guideline range of 180-188 months. 1 R. 46, 2 R. 65. Mr. Jones appealed. 1 R. 51.

When counsel submits a motion to withdraw with an <u>Anders</u> brief indicating that no meritorious issues exist for appeal, we "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." <u>United States v. Calderon</u>, 428 F.3d 928, 930 (10th Cir. 2005).

After reviewing the record, we agree that no meritorious issues exist on appeal. No valid basis appears for Mr. Jones to withdraw his plea. The plea colloquy shows that he voluntarily pled guilty to being a felon in possession of a firearm. In his response, Mr. Jones explains that he regrets his plea because his counsel persuaded him to plead guilty to avoid a "much worse" sentence that could result from a jury conviction. Aplt. Resp. at 4. Counsel's advice was constitutionally deficient, Mr. Jones claims, because "'much worse' was only eight (8) months." <u>Id.</u> Presumably, Mr. Jones refers to the eight months' difference between the mandatory minimum sentence of 180 months and the upward end of the advisory guidelines range of 188 months. 2 R. 63. The record and the law demonstrate that Mr. Jones faced the possibility of a life sentence, not just 188 months. Mr. Jones acknowledged at his plea hearing that the court may "impose any sentence between 15 years *and life*." 2 R. 19 (emphasis added). He also acknowledged that the court may impose the same sentence if he pleads

guilty or if he pleads not guilty and is later convicted by a jury. 2 R. 23. Because the guidelines range is merely advisory after United States v. Booker, the district court was free to sentence up to the statutory maximum. See 543 U.S. 220, 245 (2005). Mr. Jones claims that a downward departure was warranted on the grounds that he was young at the time of his previous convictions and because he did not possess enough of the controlled substance to be convicted of possession with intent to distribute. Aplt. Resp. at 4-5. Counsel urged the district court to sentence at the low end of the guideline range (which the district court did) given some of the prior convictions. 2 R. 63-66. Regardless, the ACCA mandates a minimum sentence of 180 months, which is not susceptible to a downward departure. Mr. Jones's remaining arguments, that his counsel's Anders brief constitutes ineffective assistance of counsel and that he was denied due process at the district court, also lack any merit. Id. at 2-3, 7.

Mr. Jones raises at various points his need for a law library to conduct proper legal research. Mr. Jones has not demonstrated that the lack of a law library has "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). While not technically perfect, his response sufficiently presents the essence of his legal arguments.

APPEAL DISMISSED.  Counsel's motion to withdraw is GRANTED.  All other pending motions are DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge