FILED
United States Court of Appeals
Tenth Circuit

April 26, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DAVID GWIN,

      Defendant - Appellant.

No. 10-1223
(D.C. No. 09-CR-00067-CMA-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

Defendant-Appellant David Gwin appeals his sentence after pleading guilty to wire fraud, arguing that the district court calculated his criminal history category based on clearly erroneous facts. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## Background

In February 2009 a federal grand jury indicted Mr. Gwin on eleven counts of wire fraud, three counts of using the proceeds of wire fraud in a monetary transaction, and one count seeking forfeiture of the unlawfully obtained property. 1 R. 15. Pursuant to a plea agreement, Mr. Gwin pleaded guilty to counts one, thirteen, and fifteen, and the government dropped the remaining counts. Id. at 132, 156; 2 R. 13. The district court ordered restitution and sentenced Mr. Gwin to 96 months' imprisonment and 3 years' supervised release. 1 R. 194-97. The sentence was based on a criminal history category of VI, which included two points for commencing the fraudulent scheme while on parole for a prior felony. Id. at 200, 2 R. 31.

## Discussion

We review for clear error factual findings that form the basis for the district court's calculation of a defendant's criminal history category. United States v. Caldwell, 585 F.3d 1347, 1353 (10th Cir. 2009) (citation omitted). Factual findings are clearly erroneous if they are without support in the record or if, "after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made." Plaza Speedway, Inc. v. United States, 311 F.3d 1262, 1266 (10th Cir. 2002) (internal quotation marks, brackets, and citation omitted).

Both parties agree that Mr. Gwin was on parole for a prior felony until October 30, 2003.  See 2 R. 29, 3 R. 22.  The district court found that Mr. Gwin commenced the fraudulent scheme on either October 11 or 20, 2003, before his parole ended.  3 R. 113.  On appeal, Mr. Gwin challenges this factual finding.  See Aplt. Br. 5-6.  He does not challenge the district courts' legal conclusions or interpretation of the sentencing guidelines.

Mr. Gwin argues that there is no evidence in the record to support the district court's conclusion that the fraudulent scheme began before his parole ended on October 30, 2003.  Although at sentencing the government presented testimony that Asset Funding Solutions, Inc. ("ASFI"), Mr. Gwin's employer, received money from an investor that was never repaid, Mr. Gwin argues that there is no evidence that ASFI received that money as a result of Mr. Gwin' s misrepresentations or that he acted with fraudulent intent at the time.  Id. at 9.

We disagree.  The record reveals ample evidence in support of the district court's conclusion.  Although the government argues that this issue was waived or forfeited due to stipulations in the plea agreement and Mr. Gwin's failure to object until sentencing, the district court in its discretion elected to hear the issue on the merits and render a decision, as do we.  3 R. 58.

The indictment alleged that Mr. Gwin's wire fraud began "at least as early as October 2003."  1 R. 8.  More specifically, the plea agreement stated that the scheme began "on or about October 20, 2003."  Id. at 139.  Mr. Gwin stipulated

that the facts in the plea agreement were correct. Id. at 153. Likewise, the presentence report ("PSR") noted that Mr. Gwin received payments pursuant to his fraudulent scheme starting on October 20, 2003. 2 R. 14. Mr. Gwin did not object to this portion of the PSR. See 2 R. 5.

At the sentencing hearing, the government produced a witness, Janet Hukill, who testified that Mr. Sorenson, a victim of Mr. Gwin's fraud, contacted Mr. Gwin on October 11, 2003. 3 R. 65, 67. Mr. Sorenson sought funding for a planned development. Id. at 67. Mr. Gwin indicated that ASFI could easily obtain the funding, and that half of the up-front fees would be returned if funding fell through. Id. at 67-68. On October 20, 2003, Mr. Sorenson paid $15,000 to ASFI in up-front fees. Id. at 69. ASFI never funded Mr. Sorenson's project, and never returned half of the up-front fees, despite its prior promise to do so. Id. at 71. The government also introduced documentary evidence supporting Ms. Hukill's testimony. Id. at 68-70.

This evidence supports the district court's conclusion that the fraudulent scheme began before October 30, 2003, while he was still on parole. Although there was no direct evidence of fraudulent intent, the evidence was sufficient for the district court to infer that Mr. Gwin intended to defraud Mr. Sorenson. See United States v. Schuler, 458 F.3d 1148, 1152 (10th Cir. 2006). Further, the similarity between the conduct described by Ms. Hukill and that which formed the core of the indictment supports the conclusion that Mr. Gwin's actions were part

of the same fraudulent scheme.  See 1 R. 9-10.  Indeed, Mr. Sorenson's proposed

project—the Poudre River Ranch—was specifically cited in the indictment as an

instance of fraud.  See id. at 10.  Finally, Mr. Gwin himself stipulated that the

scheme began on October 20, 2003.  Id. at 139, 153.  Given this record, we cannot

say that the district court's findings were clearly erroneous.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge