FILED
United States Court of Appeals
Tenth Circuit

April 9, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

TERRY G. REVELS,

      Defendant - Appellant.

No. 13-3163
(D.C. No. 6:12-CR-10232-EFM-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **HARTZ**, Circuit Judges.[**]

      Defendant-Appellant Terry G. Revels pleaded guilty to armed robbery and was sentenced to 235 months' incarceration and three years' supervised release. 1 R. 25-26. He appeals his sentence, challenging the calculation of his criminal history score and the application of the career-offender enhancement. U.S.S.G. §§ 4A1.2(e)(1), 4B1.1(a). He argues that the district court erred by including a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

prior felony conviction in both calculuses when he completed the sentence for the prior conviction more than fifteen years before the instant offense—even though the sentence was imposed within the fifteen-year lookback period established by § 4A1.2(e)(1).  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

Background

Mr. Revels pleaded guilty to an October 2012 armed robbery of a Kansas bank, in violation of 18 U.S.C. § 2113(a) and (d), and 18 U.S.C. § 2.  1 R 24. The presentence report ("PSR") concluded that Mr. Revels was a career offender under § 4B.1.1(a) with a total offense level of 31 and a criminal history of category VI.  2 R. 10, 15, 21.  Based on the calculation, the PSR recommended 188 months' to 235 months' imprisonment, 2 R. 21, with the district court ultimately imposing a 235-month sentence.

The two felonies in Mr. Revels' criminal history that support the career-offender enhancement arose from the same event: a 1992 crime spree that began with a carjacking in Missouri followed by several armed robberies in both Missouri and Kansas and ended with Mr. Revels' apprehension in Kansas. 2 R. 13-15.  In 1993, Mr. Revels was sentenced to a minimum of 30 years'

imprisonment for his Kansas crimes.[1]  2 R. 14.  However, Mr. Revels' Missouri charges lingered, and, in 1998, after filing a writ in Missouri state court seeking resolution of the charges, he was sentenced to five-years' imprisonment to run concurrently with his Kansas sentence.  2 R. 13; Aplt. Br. 8.  Because Mr. Revels received credit for time served, his Missouri sentence was already completed by the time it was imposed.  3 R. 9.

In sentencing for the instant offense, Mr. Revels objected to the PSR's inclusion of the Missouri sentence both in his criminal history and as the basis for the career-offender enhancement, arguing that the Missouri sentence began on September 22, 1992 (the date he was taken into custody) and ended on September 22, 1997—15 years and 26 days prior to the instant offense and outside of the fifteen-year lookback period established by § 4A1.2(e)(1).  2 R. 25-26; Aplt. Br. 8.  Without the Missouri sentence, Mr. Revels contends that his sentencing range would have been 135 months' to 168 months' imprisonment.  Aplt. Br. 6.

Following a sentencing hearing, the district court rejected Mr. Revels' argument, concluding that his criminal history was properly calculated because the Missouri sentence was *imposed* during the fifteen-year window regardless of when it was actually served.  3 R. 10, 12-13 (citing the plain language of § 4A1.2(e)(1)).  Mr. Revels timely appeals.

---

[1]  Mr. Revels had been released on parole on September 21, 2012, less than a month before committing the instant offense.  2 R. 14-15.

Discussion

Mr. Revels acknowledges that his Missouri sentence was imposed within the fifteen-year period set forth in § 4A1.2(e)(1). 3 R. 9. Nonetheless, he argues that (1) the intent and purpose of the fifteen-year requirement in § 4A1.2(e)(1) is to exclude sentences already served "due to remoteness in time, decaying, and prevention of sentence disparity," Aplt. Br. 8-9 (citing policy statements in the Sentencing Guidelines); (2) his situation is factually unique because the cases interpreting § 4A1.2(e)(1) address only those defendants who served part of their sentences during the fifteen-year lookback period, Aplt. Br. 10; and (3) the Missouri court's six-year delay in sentencing him was "unreasonable," creates disparity, and now penalizes him for circumstances he "neither caused nor controlled." Aplt. Br. 11-12. For the following reasons, we disagree.

We review de novo the district court's interpretation of the Sentencing Guidelines. United States v. Patillar, 595 F.3d 1138, 1139 (10th Cir. 2010). When calculating a defendant's criminal history, the plain language of § 4A1.2(e)(1) defines a prior sentence as one "that was *imposed* within fifteen years of the defendant's commencement of the instant offense." § 4A1.2(e)(1) (emphasis added). Because Mr. Revels' Missouri sentence was *imposed* during this period—regardless that it had already been served—the Missouri sentence was properly included in his sentence calculation. See Quarles v. U.S. ex rel. Bureau of Indian Affairs, 372 F.3d 1169, 1172-73 (10th Cir. 2004) (giving effect

to the ordinary language of a statute when that language is clear).

Despite this plain language, Mr. Revels argues that his Missouri sentence should not be included in his criminal history based, in essence, on issues of fairness.  First, Mr. Revels has suggested little authority to support his claim that including his Missouri sentence somehow contravenes the intent or purpose of the Sentencing Guidelines.  While we agree with him that a core principle of the Sentencing Guidelines is to promote fairness and avoid disparity in sentencing, see 28 U.S.C.§ 991(b)(1)(B); 28 U.S.C. § 994(d), no such unfairness or disparity occurred by including a sentence that meets the Guidelines' definitional language.  Second, Mr. Revels' argument that his case can be distinguished from other case law interpreting § 4A1.2(e)(1) as it applies to sentences *served* does not address the fact that his sentence satisfies the plain language of § 4A1.2(e)(1) on sentences *imposed*.  Third, in as much as Mr. Revels argues that his career offender status is the fault of the Missouri court's delay, we rejected the state-failure-to-act exception in Patillar, 595 F.3d at 1141, and we again do so here.[2]

---

[2]  The government raises a second argument: that it is undisputed Mr. Revels was also incarcerated during the fifteen-year lookback period because he was in custody while being transported to and from Missouri for sentencing.  Aplee. Br. 6.  Although the probation officer made a similar argument in the PSR, 2 R. 26, the government did not raise the argument before the district court and cannot do so now on appeal.  See United States v. Hernandez-Rodriguez, 352 F.3d 1325, 1328 (10th Cir. 2003).  Nor do we agree that the issue is undisputed, given that the basis of Mr. Revels' appeal is that he "completely served" his Missouri sentence.  Aplt. Br. 6.  Regardless, we need not reach the issue given our holding that the sentence was imposed during the fifteen-year lookback

Finally, to the extent Mr. Revels relies upon <u>United States v. Garcia</u>, 89 F.3d 362, 366 (6th Cir. 1996), to argue that a prior conviction cannot be included in a criminal history score unless the defendant's incarceration extended into the fifteen-year lookback period, <u>Garcia</u> and the language it addresses in § 4A1.2(e)(1) are simply inapplicable.[3]  As Mr. Revels acknowledges, his Missouri sentence was imposed within the fifteen-year window; thus, the second provision in § 4A1.2(e)(1)—which counts any sentence served within the fifteen-year period regardless of when that sentence was imposed—is not at issue here.

Because Mr. Revels' Missouri sentence satisfies § 4A1.2(e)(1), it was properly included in the district court's calculus for both his criminal history and his career-offender enhancement.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

period.

[3] <u>Garcia</u> addresses the second sentence in § 4A1.2(e)(1), which states, "Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period."