

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2008

# USA v. Paladino

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2355

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Paladino" (2008). *2008 Decisions.* Paper 647.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/647

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2355

_____

UNITED STATES OF AMERICA

v.

ROBERT PALADINO,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 04-cr-00172)
District Judge: Honorable Gary L. Lancaster

_____

Submitted Under Third Circuit LAR 34.1(a)
on June 30, 2008

Before: RENDELL, SMITH, and FISHER, <u>Circuit Judges</u>.

(Filed   August 15, 2008 )

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Robert Paladino appeals his sentence of 121 months' imprisonment for distributing material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(1). Paladino contends that the District Court erred when it increased his base offense level by two levels, pursuant to U.S.S.G. § 3C1.2, based on his creation of a substantial risk of serious bodily injury or death when he fled from law enforcement officers who were trying to arrest him.

The government contends that Paladino's challenge to his sentence must fail, first, because the § 3C1.2 enhancement was warranted and, second, because Paladino waived his right to appeal his sentence in his plea agreement (the "Plea Agreement") subject to a few exceptions not present here. We credit the latter argument and will, therefore, affirm.

The District Court had subject matter jurisdiction over Paladino's case pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). However, "we will not exercise that jurisdiction to review the merits of [the defendant's] appeal if we conclude that []he knowingly and voluntarily waived h[is] right to appeal unless the result would work a miscarriage of justice." *Id.*

Paladino does not reference his waiver in his brief on appeal, but it is referred to by the government and is reflected in the Plea Agreement. Paragraph 13 of the Plea Agreement states:

> Paladino waives the right to take a direct appeal from his conviction or sentence . . . subject to the following exceptions:
>
> (a) If the United States appeals from the sentence . . . .
>
> (b) If (1) the sentence exceeds the applicable statutory limits . . . , or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines . . . .

(Supp. App. 3). Here, none of these exceptions apply. The government has not appealed, Paladino's sentence does not exceed the 20-year statutory maximum, and the sentence falls within the Guidelines range of 121-151 months determined by the District Court. We note that Paladino's sentence also falls within what the Guidelines range would have been — 97-121 months — had the District Court not applied the § 3C1.2 enhancement. *See* U.S.S.G. ch. 5, pt. A.

Again, if we are to enforce a waiver, we must make certain that it is knowing and voluntary, and that enforcing it would not work a miscarriage of justice. *Gwinnett*, 483 F.3d at 203; *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). We note that at the change of plea hearing, counsel for the government reviewed aloud the contents of the Plea Agreement, explicitly stating that Paladino was waiving his right to appeal with the limited exceptions recounted above. During the proceeding, Paladino acknowledged that there were appeal waivers in the Plea Agreement, and the Court

3

granted a recess so that defense counsel could review the scope of the waivers with Paladino and address any questions Paladino had about them. After that recess, Paladino indicated that he was ready to proceed. The District Court then accepted the plea, finding that it was "knowingly and voluntarily made." (Supp. App. 133-34.) In light of these facts, and in light of Paladino's failure to file a reply brief or otherwise contend that his waiver was unknowing, involuntary, or would work a miscarriage of justice if enforced, we will AFFIRM the Judgment and Commitment Order of the District Court.