**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3522
_____

UNITED STATES OF AMERICA

v.

GEORGE ROCKY BALBOA,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-94-cr-00310-001)
District Judge: Honorable Matthew W. Brann

_____

Submitted under Third Circuit LAR 34.1(a)
on March 3, 2015

Before: AMBRO, SCIRICA and ROTH, <u>Circuit Judges</u>

(Opinion filed:  June 15, 2015)

_____

OPINION[*]

_____

ROTH, <u>Circuit Judge</u>

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The District Court sentenced George Rocky Balboa to a twenty-four month term of imprisonment after finding he violated various conditions of his supervised release. We will affirm the District Court's judgment.

## I.    Background

On June 28, 1995, Balboa pled guilty to money laundering[1] and conspiracy to defraud financial institutions and commit money laundering.[2]  He was sentenced to 150 months' imprisonment, followed by three years' supervised release.  On April 17, 2014, mere months after his release from prison, Balboa was arrested in Chicago for violating the conditions of his release.

At a revocation hearing on July 21, 2014, Balboa admitted to the following violations of his supervised release conditions:  unauthorized travel outside the judicial district of his supervised release, failure to report as directed to his probation officer, and lying to his probation officer.  Balboa did not admit that he had violated conditions requiring him to notify his probation officer of an address change and prohibiting him from committing additional crimes.

The District Court reviewed the following evidence that Balboa committed additional crimes while on supervised release:  (1) an unsigned police report certified by a Mansfield Township, New Jersey, police officer and an arrest warrant authorized by a Mansfield Township Municipal Court judge charging Balboa with theft by deception, bad checks, and harassment by communications concerning a $5,900 check deposited on

---

[1] *See* 18 U.S.C. § 1956(a)(1)(B)(1).
[2] *See* 18 U.S.C. § 371.

February 7, 2014; (2) a signed criminal complaint, attested to under oath by a Scranton, Pennsylvania, police officer, and an arrest warrant issued by a Pennsylvania magisterial district judge, charging Balboa with theft, unauthorized use of a vehicle, bad checks, and theft by deception resulting from conduct that took place on March 21 and 22, 2014; and (3) an arrest warrant signed by a Lake County, Illinois, Circuit Court judge on May 29, 2014, charging Balboa with deceptive practices for passing bad checks.

The District Court considered corroborating evidence as well, including a Pennsylvania State Police crash report detailing a March 4, 2014, accident involving a rental car driven by Balboa, and an Ohio Department of Public Safety crash report detailing a March 23, 2014, accident involving a rental car driven by Balboa. In addition, the District Court considered Balboa's probation officer's testimony that she learned about his new, post-release criminal violations directly from local law enforcement agencies. The probation officer further testified that she was unable to make contact with Balboa by phone or at the address he identified as his residence from March 27 to April 2, 2014, and that Balboa failed to report to her office for a mandatory appointment on April 3, 2014. Balboa did not object to the admission of any evidence against him.[3]

---

[3] When asked if she had any objection to the admission of the documentary evidence relating to Balboa's commission of additional, post-release crimes, his counsel responded: "No, Your Honor. But this will give me an opportunity just for the record to state that obviously I cannot confront and cross examine a piece of paper. That's why I don't believe the Government has proven its case by a preponderance of the evidence."

The District Court found, by a preponderance of the evidence, that Balboa had violated all five conditions charged in the superseding petition. Accordingly, the court revoked supervised release and sentenced Balboa to twenty-four months' imprisonment.[4]

## II. Analysis[5]

We review the District Court's decision for plain error because defense counsel did not object to the introduction of hearsay evidence of Balboa's criminal conduct.[6] "For reversible plain error to exist, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7]

The District Court did not commit error, plain or otherwise, in admitting hearsay evidence that Balboa committed additional crimes while on supervised release. In the revocation context, courts may admit hearsay evidence subject to a balancing of the

---

[4] Twenty-four months' imprisonment represents the statutory maximum sentence for any supervised release violation(s) stemming from an underlying Class C or D felony conviction. *See* 18 U.S.C. § 3583(e)(3).

[5] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction under 28 U.S.C. § 1291.

[6] Fed. R. Crim. P. 52(b); *see United States v. Paladino*, 769 F.3d 197, 200 (3d Cir. 2014); *supra* note 5. Defense counsel's allusion to her inability to "cross examine a piece of paper" was insufficient to preserve a hearsay objection on appeal. *See In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 262 (3d Cir. 2009). A party must "unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits." *Id.* (internal quotation marks and citation omitted). Here, defense counsel merely echoed the District Court's acknowledgment that despite the relaxed evidentiary standards applicable to revocation hearings, a defendant is owed certain due process protections. Balboa concedes he advanced no "particularized objection . . . to the admission of the hearsay."

[7] *Paladino*, 769 F.3d at 201 (internal quotation marks and citation omitted).

defendant's "interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it."[8]

Here, the District Court acknowledged as much, noting at the revocation hearing that "despite the[] relaxed standards" of evidence applicable to revocation proceedings, "[d]efendants are entitled to minimal due process requirements, including the right to confront and cross examine adverse witnesses." The court then "assume[d] without deciding that [] district judges' consideration of unsworn probation officer statements might potentially violate a right and constitute an obvious error," but that here such an error "would be harmless as it did not affect any substantial rights."

Balboa argues the District Court erred in not requiring the government to articulate "good cause" for the court's reliance on hearsay evidence. We rejected such an inflexible standard when faced with a "releasee's *asserted* right to cross-examine adverse witnesses."[9] Moreover, the evidence at issue—including a signed criminal complaint and arrest warrant relating to additional crimes Balboa allegedly committed in Pennsylvania and a signed arrest warrant charging him with additional crimes in Illinois—bear

---

[8] *United States v. Lloyd*, 566 F.3d 341, 344-45 (3d Cir. 2009) (quoting Fed. R. Crim. P. 32.1(b)(2)(C) advisory committee note concerning 2002 amendments); *see generally Morrisey v. Brewer*, 408 U.S. 471 (1972).

[9] *Lloyd*, 566 F.3d at 344-45 (emphasis added) ("[W]e reject a *per se* rule that a district court's failure to explicitly address cause amounts to reversible error in all cases.").

5

sufficient indicia of reliability to overcome a hypothetical hearsay objection.[10]  Thus, the

District Court did not commit reversible plain error.

Moreover, this evidence, whether hearsay or not, did not "seriously affect[] the

fairness, integrity or public reputation of judicial proceedings."[11]  Coupled with Balboa's

probation officer's live testimony (most of which was non-hearsay), the various police

reports, arrest warrants, criminal complaints, and crash reports introduced by the

government paint a vivid, and consistent, picture of Balboa's disregard for the conditions

of his supervised release, including the prohibition against committing additional crimes.

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's judgment.

---

[10] The District Court appears to have reached the same conclusion.  In discussing the applicable legal standard, the Court contrasted "unsworn probation officer statements" with the trove of manifestly reliable evidence from multiple jurisdictions on which it premised its finding that Balboa engaged in criminal activity while on supervised release.
[11] *See United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).