NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3327
_____

UNITED STATES OF AMERICA

v.

ROGELIO ENRIQUE LOPEZ-BATISTA, a/k/a Rogelio E. Lopez

Rogelio Enrique Lopez-Batista,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cr-00358-01)
District Judge:  Hon. Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2018

Before:  JORDAN, VANASKIE, and NYGAARD, *Circuit Judges*

(Filed: September 27, 2018)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Rogelio Enrique Lopez-Batista was convicted of possession with intent to distribute heroin and was sentenced to a ten-year term of imprisonment, which was the mandatory minimum for his crime. 21 U.S.C. § 841(a)(1), (b)(1)(A)(i). He appeals that sentence, arguing that the District Court committed plain error because it failed to offer him the opportunity for allocution. We agree that the Court erred, but because Lopez-Batista cannot show prejudice, we will affirm.

## I.     Background

In August 2016, a grand jury returned a one-count indictment charging Lopez-Batista with attempting to possess a kilogram or more of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), a crime punishable by "a term of imprisonment which may not be less than [ten] years," *id.* § 841(b)(1)(A)(i). Several months later, he pled guilty to that offense. At sentencing, the parties disputed whether he was eligible for relief from the statutory mandatory minimum sentence, based on the safety valve provision codified at 18 U.S.C. § 3553(f).[1] Lopez-Batista agreed with the District

---

[1] The safety valve provision modifies the applicability of a mandatory minimum sentence in certain cases. As pertinent here, it provides:

> Notwithstanding any other provision of law, in the case of an offense under … the Controlled Substances Act (21 U.S.C. 841, 844, 846) …, the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission … without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that—
>
> > (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

2

Court's view that whether the safety valve applied was "key" to his sentence because, if eligible, the Court would not be bound by the ten-year statutory minimum. (Supplemental Appendix "SA" at 29.)

Thus, the District Court first addressed whether Lopez-Batista qualified for safety-valve relief, which it considered over two hearings. At the first hearing, it took extensive testimony from Lopez-Batista, followed by argument from both sides on whether the safety valve applied. It then adjourned the hearing and took the matter under advisement. At the second hearing, and after further argument on the matter, the Court issued its decision that Lopez-Batista was not entitled to safety-valve relief. The Court concluded that, "having ruled … that he is not eligible for the safety valve, I think that I have no

> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

choice but to impose the mandatory minimum sentence in this case" (SA at 125-26), and counsel agreed. With that, the Court proceeded to sentence Lopez-Batista to a term of ten years' imprisonment, to be followed by three years of supervised release. It ordered that he pay a mandatory $100 special assessment but did not impose a fine.[2] Neither party objected to that sentence.

Lopez-Batista now appeals.

## II. Discussion[3]

Lopez-Batista raises one challenge to his sentence: he argues that he was wrongly denied the right of allocation. Because he did not raise that argument below, our review is for plain error, pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure. *United States v. Paladino*, 769 F.3d 197, 200 (3d Cir. 2014). To obtain relief for plain error, a defendant must show "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 201 (citation omitted). For an error to "affect substantial rights" under the third requirement, the error must have been "prejudicial," such that it "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993) (editorial brackets omitted).

Lopez-Batista argues that his "sentencing was fatally flawed" because he was denied the right to allocation, (Opening Br. at 2,) and therefore, he believes he has

---

[2] The Court also ordered that Lopez-Batista forfeit his interest in the drug money recovered at the time of his arrest, totaling $2,000.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

established plain error that requires resentencing. In response, the government agrees that he was denied the right of allocution and concedes that he has therefore satisfied the first two requirements of the plain error standard. But it argues that resentencing is not required because he cannot establish "any reasonable likelihood that his sentence would have been different but for the [C]ourt's error." (Answering Br. at 20.) The government's position is correct.

In *United States v. Adams*, we said that denying a defendant the right to allocution prior to issuing his or her sentence satisfies the first two requirements of plain error review. 252 F.3d 276, 286 (3d Cir. 2001). As to the third requirement, we said that "prejudice should be presumed whenever the opportunity exists for this violation to have played a role in the district court's sentencing decision." *Id.* at 289. In *Adams*, we concluded that the sentencing court had committed an "error" that was "plain," because it failed to address the defendant, himself, and ask whether he wanted to exercise his right of allocution before the court issued his sentence. *Id.* at 279, 289. We presumed that the defendant had been prejudiced by that error, as the district court issued a sentence "roughly in the middle of the applicable … range [of the United States Sentencing Guidelines], and therefore [it] clearly retained discretion to grant [him] a lower sentence." *Id.* at 287 (citation omitted).

In later cases applying *Adams*, we have concluded that "allocution could have played a role in … sentencing" when "federal statutory law did not require the District Court … to impose any minimum term of imprisonment[.]" *Paladino*, 769 F.3d at 202

5

(quoting *United States v. Plotts*, 359 F.3d 247, 251 (3d Cir. 2004)). But ours is exactly the case where a minimum term is required.

True enough, after disposing of the safety valve issue, the District Court did not personally extend to Lopez-Batista the opportunity to address it before it issued his sentence, and that constituted error that was plain. *Adams*, 252 F.3d at 286. But as the government points out, "regardless of what [Lopez-Batista might] have said in allocution," the District Court was obligated by statute to impose a sentence of no less than the mandatory minimum of ten years' imprisonment. (Answering Br. at 20-21.) And that was the sentence given. On those facts, it is clear that the error did not prejudicially affect his sentence, and thus it was harmless.[4]

Having failed to establish prejudice, Lopez-Batista has not shown a basis for reversal.

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's sentence.

---

[4] Nor can Lopez-Batista establish prejudice as to the other aspects of his sentence, as none exceeded the mandatory minimums set forth in 21 U.S.C. § 841(b)(1)(A)(i).