# THE SUPREME COURT

OF

## PENNSYLVANIA.

MIDDLE DISTRICT, JUNE TERM, 1829.

[SUNBURY, JUNE 25, 1829.]

## DENNISON *against* OTIS.

IN ERROR.

The docket of a justice of the peace, obtained from his office during his absence from the county, and proved to be in his hand-writing, is evidence, although no *Subpœna* has been taken out to procure his attendance.

ERROR to the Common Pleas of *Susquehanna* county.

On the trial of this cause, which was an action of replevin, brought by *Mason Dennison* against *Israel S. Otis*, the plaintiff offered in evidence a book, purporting to be the docket of *Samuel A. Brown*, Esq. a justice of the peace of *Susquehanna* county, containing, as was alleged, the record of a judgment, obtained by *Dennison* against *Otis* before the said justice, together with evidence, that he was absent from the county, and had been so for several weeks; that the said book was found in his office, and that it was in his hand-writing. The counsel for the defendant objected to the evidence, and the court rejected it, because no *Subpœna* had been taken for the justice, who resided in the county, and was within reach of an attachment.

The rejection of this evidence was now assigned for error by *Case*, who argued, that as a certified copy of the docket would have been admissible in evidence, the original must be.

(Dennison *v.* Otis.)

*Mallory,* for the defendant in error, answered, that the evidence offered did not establish the fact, that the book in question was the docket of the justice. It might have been a scratch book. To establish the identity of a record, it must be proved by the keeper of it.

The opinion of the court was delivered by

Rogers, J.—Without doubt, the docket of a justice of the peace is evidence to show a judgment; so, that the single question which we have to determine is, whether the docket was sufficiently proved or identified. The plaintiff offered in evidence a book, purporting to be the docket of *Samuel A. Brown*, Esq., a justice of the peace, and containing, as was alleged, (and which we are to take as true,) the record of a judgment, *Dennison* against *Otis*, accompanied with proof, that the justice was absent from the county, and had been so for several weeks; that the book was found in his office, and was in his hand-writing. The testimony was rejected, because no *Subpoena* was taken for the justice, who resided in the county, and was, at the time of trial, within reach of an attachment. The Court of Common Pleas, it would seem, had gone on the idea, that no person but the justice himself could prove his docket. We do not consider this to be the law, as it would introduce a strictness in relation to the docket of a justice, which would be attended with great inconvenience in practice. Any person who knows the fact, may identify the docket, so far as to lay a foundation for its introduction to the jury, who must ultimately decide; or, circumstances may be shown which afford a reasonable presumption, that the book offered, is the docket of the justice. It is admitted, that *Brown* is a justice of the peace; it was shown that he was absent; the book purported to be his docket, that is, as I understand the offer, it was so labelled, or bore intrinsic marks of being a record of his official proceedings; it was found in his office, and was in his hand-writing. Under these circumstances, we would suppose there was no reasonable room for doubt, that it was the docket of the justice; or, at any rate, we can perceive no violation of principle, and but little danger in handing it over to the jury for their inspection. No *Subpoena* was issued for the justice, but this is accounted for by the fact, that he was absent from the county. That he was then within reach of an attachment, we think of little consequence, as we consider the testimony of the justice not the only proof of the identity of his docket.

Judgment reversed, and a *venire facias de novo* awarded.