FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANCISCO M. NANEZ,

    Defendant - Appellant.

No. 10-2235
(D.C. No. 2:08-CR-01599-JEC-1)
(D. N. Mex.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **LUCERO**, **GORSUCH** and **MATHESON**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has unanimously

determined to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).

Francisco M. Nanez appeals from his sentence imposed following the revocation

of his supervised release, contending that the district court failed to afford him his right of

_____

    *This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). 10th Cir. R. 32.1(A).

allocution before imposing the sentence. Because Mr. Nanez cannot demonstrate plain error warranting reversal, we AFFIRM.

## BACKGROUND

Mr. Nanez pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to 30 months' imprisonment and 3 years' supervised release. His supervised release began on March 24, 2009. On August 27, 2009, a petition to revoke supervised release was filed, which was later superseded by an amended petition. Mr. Nanez admitted to violating the terms of his supervised release by drinking in public, possessing an open container of alcohol in a vehicle, failing to submit to random drug testing, and failing to report. He was sentenced to 43 days' imprisonment (time served) and 2 years' supervised release.

Mr. Nanez was arrested on August 17, 2010, pursuant to another petition to revoke his supervised release. Mr. Nanez admitted to violating the terms of his supervision by possessing methamphetamine. After Mr. Nanez admitted that he was in violation of the terms of his supervised release, the district court asked: "Do you wish me to proceed to sentencing?" Tr. of Sentencing Hr'g at 2, R. Vol. 3 at 4. Mr. Nanez's counsel responded: "Yes, Your Honor." *Id.* at 3, R. Vol. 3 at 5. The district court then explained its reasoning for imposing a 24-month sentence with no further term of supervised release.

After the court had imposed this sentence, Mr. Nanez's counsel stated:

> Your Honor, I meant to address you before you made your decision. Mr.

2

Nanez is now getting Social Security disability and SSI. He also faces a State charge for this. So I was hoping you would consider just giving him time served in this case and letting the State deal with this, because it was a personal use amount of methamphetamine.

*Id.* at 4, R. Vol. 3 at 6. The district court reiterated that Mr. Nanez's sentence was for 24 months' imprisonment, and the hearing concluded.

Mr. Nanez timely filed a notice of appeal. We exercise jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

Mr. Nanez presents one issue on appeal: whether the district court's failure to offer him the opportunity to allocute before imposing a sentence requires reversal. Because Mr. Nanez did not object to the purported violation of his allocution rights at the revocation hearing, we review for plain error.[1] *United States v. Rausch*, ___ F.3d ___, No. 10-1388, 2011 WL 1137004, *3 n.1 (10th Cir. Mar. 30, 2011) ("[A] defendant who fails to object to the district court's procedures regarding the right of allocution must demonstrate plain error to warrant reversal on appeal."). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at *3 (quotations omitted).

---

[1]Mr. Nanez makes no argument in his brief that any of his or his counsel's statements at the revocation hearing constituted an objection regarding the opportunity to allocute. He simply argues that the facts of his case require reversal regardless of the standard of review.

3

Mr. Nanez argues that the district court plainly erred in violating Federal Rule of Criminal Procedure 32, which states that before imposing a sentence the district court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32 (i)(4)(A)(ii). He cites to *United States v. Landeros-Lopez,* 615 F.3d 1260 (10th Cir. 2010), as recent 10th Circuit support for this position. But Rule 32 applies to original sentencing hearings. Revocation proceedings are governed by Rule 32.1, which states that a defendant is "entitled to: . . . an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2)(e).

Rules 32 and 32.1 differ. First, Rule 32 requires an opportunity to allocute before a sentence is imposed; Rule 32.1 contains no explicit timing requirement within the revocation hearing. Second, Rule 32 directs the court to address the defendant personally in affording an opportunity to allocute; Rule 32.1 refers to a defendant's opportunity to allocute without instructing the court on how to afford it. Rule 32.1 does not specify if it is the court's responsibility to offer the opportunity to allocute or the defendant's responsibility to request it.

As *Rausch* explained, other circuits have disagreed as to whether the similarity of language between Rules 32.1 and 32 requires a district judge at a revocation hearing to address the defendant personally and provide an opportunity to allocute before sentencing. *See* 2011 WL 1137004, *3 (explaining that the Seventh and Eleventh Circuits support finding the same allocution requirements under both Rules 32 and 32.1,

4

while the Eighth Circuit criticizes that approach based on textual differences).[2]  The U.S.

Supreme Court has also recognized that a revocation hearing

> is not part of a criminal prosecution and thus the full panoply of rights due a
> defendant in such a proceeding does not apply. . . .  Revocation deprives an
> individual, not of the absolute liberty to which every citizen is entitled, but only of
> the conditional liberty properly dependent on observance of special parole
> restrictions.

*Morrisey v. Brewer,* 408 U.S. 471, 480 (1972).  As recognized by our court in *Rausch,* it

is therefore unclear whether a district court's failure at a revocation hearing to address a

defendant personally regarding an opportunity to allocute before sentencing is an error

under Rule 32.1.  2011 WL 1137004, *3.

If there was error, it was certainly not plain given our court's recognition of

---

[2]To better understand this disagreement, it is helpful to review some history of Rule 32.  Although the present language regarding allocution in Rule 32 is considerably different than that in Rule 32.1, a previous version of Rule 32 was more similar.  The U.S. Supreme Court interpreted this previous version of Rule 32 as granting criminal defendants a personal right of allocution and as imposing on trial judges an obligation to unambiguously address defendants and invite them to speak before sentencing. *Green v. United States*, 365 U.S. 301, 305 (1961).  As quoted in *Green,* the previous version of Rule 32 stated: "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment." *Id.* at 303 n.1 (quoting pre-amendment Fed. R. Crim. P. 32(a)).

Some circuits supporting identical rights of allocution under Rules 32 and 32.1 point to the similarities between the current Rule 32.1 and this previous version of Rule 32. *See e.g., United States v. Carruth,* 528 F.3d 845, 847 (11th Cir. 2008); *United States v. Pitre*, 504 F.3d 657, 661-62 (7th Cir. 2007).  However, the previous version of Rule 32 still differs from Rule 32.1 in that the latter has no language regarding providing the allocution opportunity before sentencing, nor directing that the court "shall afford" the opportunity.  Instead, a literal reading of Rule 32.1 provides that a defendant is entitled to an allocution opportunity at some point during the revocation hearing. *See United States v. Robertson,* 537 F.3d 859, 862 (8th Cir. 2008).

ambiguity in *Rausch*. *Id*. "For purposes of plain error review, the term 'plain' requires that the error be clear or obvious under current law." *United States v. Pablo,* 625 F.3d 1285, 1293 (10th Cir. 2010). Because any error could not have been plain, Mr. Nanez cannot succeed in this appeal under the applicable plain error standard of review.

## CONCLUSION

For the foregoing reasons, we AFFIRM Mr. Nanez's sentence.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge