**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 15, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　Plaintiff-Appellee,

v.

MARK CASTILLO,

　　　Defendant-Appellant.

No. 12-2020

(D.C. No. 1: 09-CR-01861-BB-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **KELLY** and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore,

submitted without oral argument.

Defendant Mark Castillo pled guilty to being a felon in possession of a firearm, in

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to a term of imprisonment of twenty-eight months, to be followed by a three-year term of supervised release. Castillo now appeals, asserting, in part, that the district court violated Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) by failing to allow him to speak prior to the imposition of sentence. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we agree with Castillo. Consequently, we remand this case to the district court with directions to vacate Castillo's sentence and resentence him.

I

Because the underlying facts of this case are not relevant to our resolution of this appeal, we will not discuss them. Instead, we focus solely on the procedural history of the case, most notably the sentencing hearing.

Castillo was indicted by a federal grand jury on four criminal counts: (1) assault with a dangerous weapon, with intent to do bodily harm and without just cause or excuse, in violation of 18 U.S.C. §§ 1153 and 113(a)(3); (2) assault resulting in bodily injury, in violation of 18 U.S.C. §§ 1153 and 113(a)(6); (3) knowingly using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and (4) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Castillo pled guilty to the felon-in-possession charge and proceeded to trial on the remaining three counts. At the conclusion of the evidence, the jury acquitted him on those counts.

At the ensuing sentencing hearing, the district court entertained arguments from

counsel for both sides. But at no point during the hearing did the district court directly address Castillo or afford him the opportunity speak. Instead, the district court, after addressing counsels' arguments, proceeded to sentence Castillo to a term of imprisonment of twenty-eight months, to be followed by a three-year term of supervised release. After addressing other ministerial matters, the district court concluded the hearing.

## II

Castillo raises three issues on appeal. First, he asserts that he was denied the right of allocution promised to him under Federal Rule of Criminal Procedure 32(i)(4)(A)(ii). Second, he asserts that his sentence is procedurally unreasonable because the district court considered acquitted conduct in calculating his advisory guideline range. Third, he asserts that his sentence is procedurally unreasonable because there was insufficient evidence to support the sentencing enhancements applied by the district court.

### *Denial of right of allocution*

Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) "requires a district court to 'address the defendant personally in order to permit the defendant to speak or present any information' before imposing a sentence." United States v. Landeros-Lopez, 615 F.3d 1260, 1264 (10th Cir. 2011) (quoting Fed. R. Crim. P. 32(i)(4)(A)(ii)). "Because allocution is vital to the sentencing process, denial of this right requires reversal of the sentence imposed." Id. (citing Green v. United States, 365 U.S. 301, 304 (1961)). We review de novo whether the district court complied with its Rule 32 obligations. United States v. Tindall, 519 F.3d 1057, 1062 (10th Cir. 2008).

In its appellate response brief, the government concedes that "[t]he district court failed to address Castillo at all during the sentencing hearing," and that, consequently, we "should remand the case for re-sentencing." Aplee. Br. at 4. After carefully examining the record on appeal, we agree. As we have noted, the district court neither directly addressed Castillo nor permitted him to speak or present any information he may have had prior to the imposition of sentence. Castillo is therefore entitled to a new sentencing hearing, during which he must be afforded "a meaningful opportunity to speak on his own behalf." Landeros-Lopez, 615 F.3d at 1267.

*Castillo's other issues*

We will not address Castillo's remaining two issues which challenge sentencing enhancements. Castillo contends the district court erred in considering acquitted conduct in calculating his advisory guideline range, and also that the enhancements were not supported by sufficient proof. As we are remanding for resentencing, our addressing these issues now would require us to address questions which are most likely hypothetical. Further, Castillo candidly admits in his briefing that the sentencing court did not specifically address the bases for its sentencing calculations and that the parties were thus left to speculate regarding the evidence relied upon to support those calculations. Castillo's resentencing will provide all concerned with the opportunity to clarify not only the sentencing calculations made, but also the evidence employed to support those calculations.

The case is REMANDED to the district court with instructions to VACATE

Castillo's sentence and resentence him consistent with this opinion.

Entered for the Court


Mary Beck Briscoe
Chief Judge