**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID LOUIS CRAIG,

    Defendant - Appellant.

No. 14-3187

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 5:10-CR-40054-JAR-1)**

---

Melody Brannon Evans, Federal Public Defender, Topeka, Kansas, for Defendant - Appellant.

Carrie N. Capwell, Assistant United States Attorney (and Barry R. Grissom, United States Attorney, with her on the brief), Kansas City, Kansas, for Plaintiff - Appellee.

---

Before **KELLY**, **TYMKOVICH**, and **McHUGH**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

    Upon conviction of possessing a stolen firearm, Defendant-Appellant David

Craig was sentenced to 30 months' imprisonment and three years' supervised

release. After his release from prison, he violated various conditions of his supervised release. He stipulated to several violations, and the district court revoked his supervised release and sentenced him to 14 months' imprisonment and one year of supervised release. On appeal, he contends that the district court denied him the right to allocute, as afforded him by Federal Rule of Criminal Procedure 32.1. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## Background

Mr. Craig appeared at a revocation hearing held on August 15, 2014, where he was represented by counsel. After Mr. Craig stipulated to various violations of the conditions of his supervised release, the district court informed counsel that it would announce its proposed findings and sentence and then "hear from you all about it." 2 R. 9.

The court then stated its proposed findings, noted the applicable statutory maximum and Guidelines' range, and announced its tentative sentence.[1] As "justification" for the sentence, the court highlighted "Mr. Craig's continuing noncompliant behavior and his failure to cooperate with the intermediate steps taken by the United States Probation Office to address his violations." Id. at 13.

---

[1] The tentative sentence, which became the actual sentence, was below the statutory maximum and at the high end of the Guidelines' range.

The court then asked if there were any "objections to the tentative sentence or other statements that counsel wish to make." Id. at 14.

Mr. Craig's counsel stated: "I think everybody in this case is quite exasperated with Mr. Craig, and he's exasperated with himself, and he understands the sentence that the Court has laid out." Id. at 15. Counsel then requested a two-week continuance to allow Mr. Craig to pursue further treatment for his drug problem. Counsel offered several grounds for the request—notably, Mr. Craig's recent participation in Narcotics Anonymous and consecutive days of clean drug test results—and concluded, "[Mr. Craig] is not here to argue about the severity of the sentence that the Court proposes. He's simply asking let's put this off and give him one more chance to maybe be successful." Id. at 17–18. The government stated it would not object to a two-week continuance.

After a brief discussion about the availability and source of funding for further drug treatment, the court recessed. When the proceeding resumed, the court stated:

> We're back on the record and I am ready to impose the sentence for the stipulated and noncontested violations of the terms of supervised release. . . . It is the judgment of the Court that the defendant is sentenced to the custody of the Bureau of Prisons for 14 months. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of one year.

Id. at 25–26. The court then told Mr. Craig that only he could turn his life around and asked counsel if there were any other issues to be addressed. Mr. Craig's

- 3 -

counsel requested that the court recommend to the Bureau of Prisons that Mr. Craig be placed as close to home as possible. The court agreed to make the recommendation and the proceedings came to a close. At no point did the court personally ask Mr. Craig if he would like to make a statement.

## Discussion

In this circuit, "a defendant who fails to object to the district court's procedures regarding the right of allocution must demonstrate plain error to warrant reversal on appeal." United States v. Rausch, 638 F.3d 1296, 1299 n.1 (10th Cir. 2011). Mr. Craig acknowledges Rausch but argues his claim should be subject to de novo review for two reasons.

First, he contends that cases after Rausch have applied de novo review to similar claims, thereby calling into question whether Rausch "definitively settled the standard of review." Aplt. Br. 12. Making various legal and policy arguments, Mr. Craig argues de novo review is more appropriate in the context of a denial of allocution and asks us to "revisit" Rausch. Second, he argues that, due to the way the revocation hearing played out, any objection to the district court's procedures would have been futile. Futility renders the failure to object excusable, he concludes, and therefore de novo review should apply. We are not persuaded by either argument.

In support of his first argument, Mr. Craig relies on United States v.

Castillo, 501 F. App'x 848, 849 (10th Cir. 2012) (unpublished), where we stated that "[w]e review de novo whether the district court complied with its Rule 32 obligations." Although Castillo was decided after Rausch, it does not call into question the standard of review adopted in Rausch. Castillo dealt with an original sentencing governed by Rule 32—not a revocation hearing governed by Rule 32.1. And Castillo merely applied this circuit's rule that a complete denial of allocution at an original sentencing requires reversal. Castillo, 501 F. App'x at 849 (citing United States v. Landeros-Lopez, 615 F.3d 1260, 1264 & n.4 (10th Cir. 2010) (acknowledging that, despite the automatic reversal rule, "this circuit has yet to formally adopt a standard of review for alleged violations of Rule 32's right of allocution")). No similar rule exists in the Rule 32.1 context, and Rausch explicitly adopted the plain error standard for cases where there was no objection.[2] Accordingly, our most recent cases dealing with Rule 32.1 have faithfully adhered to Rausch. See id.

We similarly find no merit in Mr. Craig's argument that his claim should be subject to de novo review because any objection to the district court's procedures would have been futile. In his view, "the sequence of events at the hearing" did

---

[2] Even assuming Castillo was in actual conflict with Rausch (it is not, for the aforementioned reasons), Castillo is an unpublished panel decision, carrying no precedential value. 10th Cir. R. 32.1. Rausch, on the other hand, is the law of this circuit; even if we found Mr. Craig's legal and policy arguments persuasive, a panel of this court generally cannot overrule a prior panel's decision. United States v. Nichols, 775 F.3d 1225, 1230 (10th Cir. 2014).

not present a meaningful opportunity to object. Aplt. Br. 15. We disagree.

Having reviewed the sentencing transcript, we find nothing unique about the district court's sentencing procedure. After providing an explanation for its tentative sentence, the district court expressly invited counsel to make objections or other relevant statements. At that time, counsel easily could have requested an opportunity for Mr. Craig to allocute should the request for a continuance be denied. Further, we reject the assertion that there was no opportunity to object when the proceeding resumed after the court's recess. Before announcing the sentence, the court stated, "We're back on the record and I am ready to impose the sentence for the stipulated and noncontested violations of the terms of supervised release." 2 R. 25–26. Counsel's suggestion at oral argument that it would have been impolite or otherwise unprofessional to object at this time is simply not a valid excuse. It is a lawyer's job to object—by way of interruption, if the circumstances warrant—when the court is in the midst of committing an error. Thus, there is no record support for Mr. Craig's argument that an objection would have been futile.

Because our review is limited to plain error, Mr. Craig must demonstrate (1) an error, (2) that is plain, (3) which affects his substantial rights, and (4) which "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Rausch, 638 F.3d at 1299–1300.

Rule 32.1, which governs revocation hearings, provides that a "person is

entitled to . . . an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2)(E). The Advisory Committee's notes explain that the rule was amended to its current form to address a "gap" in the rule—the lack of an express provision providing "for allocution rights for a person upon revocation of supervised release." Fed. R. Crim. P. 32.1 advisory committee's notes. Thus, under current Rule 32.1, "the court is required to give the defendant the opportunity to make a statement and present any mitigating information." Id. The issue here is whether Rule 32.1 requires a district court to affirmatively extend to the defendant a personal invitation to make a statement. If the rule does so require, the record before us would conclusively establish that the district court erred.

This court has stated that, in light of significant textual differences between Rules 32.1 and 32, it is unclear whether Rule 32.1 imposes this requirement on district courts. Rausch, 638 F.3d at 1300–01; see also Mencia-Hernandez, 594 F. App'x at 459; United States v. Nanez, 419 F. App'x 880, 883 (10th Cir. 2011) (unpublished). Rule 32, which governs original sentencings, provides: "Before imposing sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii) (emphasis added). In contrast, Rule 32.1 does not expressly direct a district court to "address the defendant personally" before imposing sentence; it simply states that a defendant is "entitled

to . . . an opportunity to make a statement."  Further, Rule 32 distinguishes between a defendant's right to speak on his own behalf and his right to have counsel speak on his behalf.  Compare Fed. R. Crim. P. 32(i)(4)(A)(ii) with Fed. R. Crim. P. 32(i)(4)(A)(i); see also United States v. Landeros-Lopez, 615 F.3d 1260, 1266 n.5 (10th Cir. 2010).  Rule 32.1 makes no such distinction, suggesting that the rule does not require a district court to personally invite the defendant to speak on his own behalf.

Despite these differences, a number of federal courts of appeals have held that Rule 32.1 does contain such a requirement.  See United States v. Paladino, 769 F.3d 197, 200–01 (3d Cir. 2014); United States v. Carruth, 528 F.3d 845, 847 (11th Cir. 2008); United States v. Pitre, 504 F.3d 657, 662 (7th Cir. 2007); but see United States v. Robertson, 537 F.3d 859, 862 (8th Cir. 2008) (criticizing some of these decisions as "suspect because they were based in large part on flawed reasoning").  That other courts of appeals have reached such a conclusion does not help Mr. Craig, however, because an error is only "plain" if it is "clear or obvious under current, well-settled law."  United States v. Story, 635 F.3d 1241, 1248 (10th Cir. 2011).  Whether the law is "well-settled" is determined by reference to Tenth Circuit and Supreme Court law.  Id.  And because neither the Supreme Court nor this circuit has interpreted Rule 32.1 to require a personal invitation to allocute, any potential error in not addressing Mr. Craig personally is not "plain."  See Mencia-Hernandez, 594 F. App'x at 459 ("[A]ny error the court

may have committed by not <u>sua sponte</u> offering him the opportunity to do so 'was certainly not plain' under either Rule 32.1, the advisory committee's notes, or our precedent."); <u>Rausch</u>, 638 F.3d at 1301.

We add that Mr. Craig's claim would also fail under the fourth requirement of plain error review because any potential error did not seriously affect the fairness, integrity, or public reputation of the proceeding.  Here, defense counsel explicitly acknowledged that Mr. Craig both understood the district court's proposed sentence and had no intention to challenge its severity.  2 R. 17.  Additionally, Mr. Craig has not indicated what he might have said to the court to mitigate his sentence.  We have been hesitant to find the integrity of the proceedings to be impugned where the defendant "fail[s] to set forth what he would have said to the district court prior to sentencing that might have mitigated his sentence."  <u>Rausch</u>, 638 F.3d at 1302; <u>see</u> <u>Mencia-Hernandez</u>, 594 F. App'x at 460.  Under the facts of this case, we are not convinced that the fairness, integrity, or public reputation of the proceeding could be called into question.

AFFIRMED.