FILED
United States Court of Appeals
Tenth Circuit

August 11, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MILTON ENRIQUE SANABRIA-
BOLANOS,

    Defendant - Appellant.

No. 15-2041
(D.C. No. 2:14-CR-02117-KG-1)
(D. N. Mex.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

    Milton Enrique Sanabria-Bolanos pled guilty to illegal reentry in violation of 8

U.S.C. § 1326. The district court sentenced him to 41 months in prison. On appeal,

Mr. Sanabria-Bolanos challenges his sentence because the district court did not

confirm he had reviewed the Presentence Report as required under Federal Rule of

Criminal Procedure 32(i)(1)(A).

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Sanabria-Bolanos did not object in district court and agrees our review is for plain error, which means he "must demonstrate (1) an error, (2) that is plain, (3) which affects his substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Craig*, No. 14-3187, 2015 WL 4509435, at *3 (10th Cir. July 27, 2015) (quotations omitted). The parties agree the district court erred and that the error was plain. They also agree that Mr. Sanabria-Bolanos has not shown the error prejudiced him.

Mr. Sanabria-Bolanos cites out-of-circuit cases holding that the district court's error alone requires remand for resentencing. *See United States v. Mitchell*, 243 F.3d 953, 955 (6th Cir. 2001); *United States v. Rone*, 743 F.2d 1169, 1174 (7th Cir. 1984). He acknowledges, however, that Tenth Circuit precedent requires remand only if he shows the Rule 32 violation caused prejudice. *See United States v. Archer*, 70 F.3d 1149, 1151 (10th Cir. 1995), *see also United States v. Romero*, 491 F.3d 1173, 1180 (10th Cir. 2007). He explains that he raises this issue "to preserve [it] for further review," Aplt. Br. at 5.

Applying our precedent and due to the absence of a showing of prejudice, we conclude that Mr. Sanabria-Bolanos's appeal fails on the third element of plain error review—that the error affected his substantial rights. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm. We deny appellant's pro se

motion to file a supplemental brief.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge