**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JACOB L. SMITH,

     Defendant - Appellant.

No. 17-3086
(D.C. No. 2:16-CR-20022-JAR-1)
(D. Kan.)

_____

**ORDER**
_____

Before **LUCERO**, **BALDOCK**, and **HARTZ**, Circuit Judges.
_____

This matter is before the court on the appellant's *Petition for Rehearing En Banc*.

Upon consideration, panel rehearing is granted in part and for the limited purpose of

adding a new citation to the decision. Panel rehearing is otherwise denied. A copy of the

revised and amended Order & Judgment is attached to this order and shall be filed

effective today's date.

The *Petition* was also circulated to all of the judges of the court who are in regular active service. As no judge on the panel or the en banc court requested that a poll be called, the request for en banc reconsideration is denied.


Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

July 6, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JACOB L. SMITH,

    Defendant - Appellant.

No. 17-3086
(D.C. No. 2:16-CR-20022-JAR-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **HARTZ**, Circuit Judges.
_____

Jacob Smith appeals following his convictions for bank robbery and

discharging a firearm during and in relation to a crime of violence.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Smith pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a)

and (d), and discharging a firearm during and in relation to a crime of violence in

violation of 18 U.S.C. § 924(c)(1)(A).  Smith's Presentence Investigation Report

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

recommended a Guidelines range of 97 to 121 months for the first count to run consecutively with the mandatory 120 months for the second count. The government sought an upward variance of six offense levels and an upward departure of four additional levels. The defense sought a sentence on the lower end of the initial Guidelines range.

The district court granted the government's motion in part, upwardly varying and departing to impose a sentence of 180 months on the first count and 120 on the second. Smith now appeals.

## II

Smith challenges his conviction under § 924(c)(1)(A), arguing that his bank robbery conviction does not qualify as a crime of violence. Since the initiation of Smith's appeal, we have held that bank robbery does so qualify under the elements clause of U.S.S.G. § 4B1.2(a)(1). United States v. McCranie, 889 F.3d 677, 679–81 (10th Cir. 2018). Because the elements clause of § 924 is identical to that contained in the Guidelines, compare U.S.S.G. § 4B1.2(a)(1), with § 924(c)(3)(A), we reach the same conclusion.

## III

Smith also argues that the district court failed to adequately explain its sentencing decision. The government contends that because Smith failed to object below, we should review only for plain error. See United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007). Smith counters that the district court did not give his counsel an opportunity to object. However, the district court did ask for

2

objections after tentatively announcing its sentencing decision. Further, attorneys are generally expected to object even if a court does not explicitly ask them if they would like to. United States v. Craig, 794 F.3d 1234, 1238 (10th Cir. 2015) ("It is a lawyer's job to object—by way of interruption, if the circumstances warrant—when the court is in the midst of committing an error."), overruled on other grounds in United States v. Bustamonte-Conchas, 850 F.3d 1130 (10th Cir. 2017). We thus review this issue for plain error. Smith "must demonstrate that there is (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Mann, 786 F.3d 1244, 1249 (10th Cir. 2015) (quotation omitted).

A sentencing court must "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). The explanation must be adequate "to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall v. United States, 552 U.S. 38, 50 (2007). In the course of deciding to impose a significant upward variance and departure in this case, the district court noted the mitigating and aggravating factors the parties had cited, including Smith's age, the influence his co-defendants had over him, his history of mental health problems, and the dangerous nature of his conduct. The court then ruled that a sentence of 180 months for the first count and 120 months for the second would be appropriate, in light of these countervailing facts. We conclude this explanation was not plainly inadequate.

Smith additionally contends that the district court erred by failing to announce the adjusted Guidelines range before imposing his sentence.  But this omission cannot be reasonably interpreted to have "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings."  Mann, 786 F.3d at 1249.  Finally, the court's written statement of reasons—which indicated that one of the reasons for the variance imposed was to avoid unwarranted sentencing disparities among defendants—is not in conflict with the district court's statement that it would not vary upward by a further two levels to bring Smith's sentence to his co-defendant's.

## IV

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge