**FILED**
United States Court of Appeals
Tenth Circuit

**September 14, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JESUS ANTONIO MERAZ-MARTINEZ,<br><br>Defendant - Appellant.<br>_____ | No. 17-2143<br>(D.C. No. 2:17-CR-01247-WJ-1)<br>(D. N.M.) |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JESUS ANTONIO MERAZ-MARTINEZ,<br><br>Defendant - Appellant. | No. 17-2144<br>(D.C. No. 1:17-CR-01396-WJ-1)<br>(D. N.M.) |

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **BALDOCK**, and **EBEL**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant-Appellant Jesus Meraz-Martinez, a citizen of Mexico, pled guilty to reentering the United States illegally, after having been previously removed. At the same time, he also admitted to violating the terms of his unsupervised release imposed for an earlier illegal reentry conviction. The district court sentenced Meraz-Martinez to thirty months in prison on the new illegal reentry conviction and twelve months on the unsupervised release violation, to run consecutively. Each sentence fell within the relevant advisory guideline range. In these appeals, Meraz-Martinez claims his sentences are substantively unreasonable. We disagree. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we, therefore, affirm.

## I. BACKGROUND

After Border Patrol agents discovered thirty-nine-year-old Meraz-Martinez in New Mexico in 2017, the United States charged him with unlawful reentry after having been previously removed. Meraz-Martinez pled guilty to that charge. The district court then calculated Meraz-Martinez's advisory guideline sentencing range to be 24-30 months, and imposed a prison sentence at the top of that range, thirty months.

At the same time, Meraz-Martinez admitted that his 2017 unlawful reentry violated the terms of "non-reporting supervised release" previously imposed by the Western District of Texas for Meraz-Martinez's 2015 unlawful reentry conviction (II

R. 9).[1]  That case was transferred to the District of New Mexico, which sentenced Meraz-Martinez to twelve months in prison—the bottom of the advisory 12-to-18 month guideline range—for violating his release terms.  The district court further ordered that twelve-month sentence to run consecutively to Meraz-Martinez's thirty-month sentence for his 2017 conviction.  See U.S.S.G. § 7B1.3(f) (policy statement).[2]

In these consolidated appeals, Meraz-Martinez argues that his sentences are substantively unreasonable.

## II. STANDARD OF REVIEW

"Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the" 18 U.S.C. § 3553(a) sentencing factors.[3]  United States v. Craig, 808 F.3d 1249, 1261 (10th Cir. 2015) (internal quotation marks omitted).  This court

---

[1] Non-reporting or "unsupervised release" is ordered when, for example, a defendant like Meraz-Martinez will be deported after he completes his term of imprisonment. United States v. Chavez-Calderon, 494 F.3d 1266, 1267 n.1 (10th Cir. 2007).

[2] Meraz-Martinez does not challenge the district court's decision to run his two sentences consecutively.  Section 7B1.3(f), an "advisory" guideline "policy statement," see United States v. Ortiz-Lazaro, 884 F.3d 1259, 1264-65 (10th Cir. 2018), provides that

> [a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis for the revocation of . . . supervised release.

See also U.S.S.G. § 5G1.3, app. n. 4(C).

[3] When determining the appropriate sentence for a federal conviction, the district court considers all the § 3553(a) factors.  In deciding whether to revoke supervised

review[s] a sentence's length for abuse of discretion. A district court abuses its sentencing discretion only if the sentence exceeded the bounds of permissible choice. We will reverse only if the sentence imposed was arbitrary, capricious, whimsical, or manifestly unreasonable.

United States v. Barnes, 890 F.3d 910, 915 (10th Cir. 2018) (citations, internal quotation marks omitted). "[A] within-guidelines sentence is presumed reasonable and the defendant challenging the sentence has the burden of rebutting the presumption." United States v. Harry, 816 F.3d 1268, 1284 (10th Cir. 2016).

## III. DISCUSSION

Meraz-Martinez first argues that the district court failed to consider "the tragic circumstances he has confronted throughout his lifetime."[4] (Aplt. Br. 12.) The district court considered all of the information Meraz-Martinez presented about his difficult life, including the facts that Meraz-Martinez's mother brought him, at age eight, and his siblings to the United States without authorization in order to escape her husband, who physically abused her and the children; Meraz-Martinez's teenage son was killed while the son was selling drugs in Mexico; and Meraz-Martinez's brother, with whom he ran a food truck in Mexico, recently died. But, in light of Meraz-Martinez's criminal history—including four prior convictions for unlawfully entering and re-entering the United States, four prior drunk driving convictions, and

_____

(or unsupervised) release, however, a court considers most, but not all, of the § 3553(a) factors. See 18 U.S.C. § 3583(e).

[4] This is arguably a procedural, rather than a substantive reasonableness, argument. Nonetheless, Meraz-Martinez asserts he is challenging only the substantive reasonableness of his sentence.

4

at least two other pending drunk driving cases—the district court gave greater weight to protecting society from Meraz-Martinez's drunk driving and his disrespect for the law than to his difficult life.

While all of this information is relevant to sentencing under the § 3553(a) factors, "the district court need not afford equal weight to each of the [§ 3553(a)] factors." United States v. Sanchez-Leon, 764 F.3d 1248, 1267, 1268 (10th Cir. 2014). Instead, this court "must" defer "not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings." United States v. Gieswein, 887 F.3d 1054, 1064 (10th Cir. 2018) (deferring to district court's decision to give greater weight to some § 3553(a) factors over others) (internal quotation marks omitted).

Meraz-Martinez also argues that the district court violated the "parsimony principle," which is found in 18 U.S.C. § 3553(a). See Dean v. United States, 137 S. Ct. 1170, 1175 (2017). That principle requires that the district "court . . . impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). Those purposes include the need for the sentence imposed--

> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> **(B)** to afford adequate deterrence to criminal conduct;
>
> **(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Id. § 3553(a)(2).

In support of his parsimony argument, Meraz-Martinez points out, among other arguments, that his previous unlawful re-entries were motivated in part by his desire to help his mother, but because his mother is now living in Mexico, it is unlikely that Meraz-Martinez will return to the United States. In light of this, Meraz-Martinez asserts that a lengthy sentence is unnecessary to keep him from unlawfully returning to the United States. In sentencing Meraz-Martinez, however, the district court expressly acknowledged the parsimony principle, stating that each of the two sentences the court imposed were "sufficient, but not greater than necessary" to satisfy the goals of sentencing. (IV R. 14-15.)

Furthermore, the district court at sentencing considered all the evidence and arguments Meraz-Martinez presented, discussed the relevant § 3553(a) factors in depth, and then imposed a within-guideline sentence for both the 2017 unlawful reentry conviction and for violation of the terms of unsupervised release imposed for the earlier unlawful reentry conviction. There is no suggestion that the overall sentence the court imposed was "arbitrary, capricious, whimsical, or manifestly unreasonable," Barnes, 890 F.3d at 915 (internal quotation marks omitted). Nor can we say that these sentences "exceeded the bounds of permissible choice." Id. (internal quotation marks omitted). Meraz-Martinez has, therefore, failed to rebut the

presumption that his within-guideline sentences were substantively unreasonable. See Harry, 816 F.3d at 1284.

We, therefore, uphold Meraz-Martinez's sentences as substantively reasonable and AFFIRM.

Entered for the Court


David M. Ebel
Circuit Judge