**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 2, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DOMINIC MILLER,

    Defendant - Appellant.

No. 25-1219
(D.C. No. 1:14-CR-00156-JLK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

The district court revoked Dominic Miller's supervised release and

sentenced him to twenty-four months' imprisonment. But before imposing his

sentence, the court didn't personally invite him to speak.

Miller now appeals. He argues that district courts must personally

address defendants during supervised-release revocation hearings and invite

them to allocute. At the same time, he admits that plain-error review applies

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to honor the parties' request for a decision on the
briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).
The case is therefore submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res
judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and that, under our precedent, we must affirm his sentence. So he asks us to do just that—affirm so that he can seek en banc review.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

In 2015, Miller pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced him to 106 months' imprisonment and five years' supervised release.

In 2023, Miller began his supervised release. Less than a year later, the probation office asked to modify his release conditions.

After a hearing, the district court modified the conditions as requested. It also warned Miller that it would revoke his supervised release if he violated his release conditions. It framed his supervised-release term as a "zero-tolerance supervised release" and told him that if he returned to court, to "bring [his] toothbrush, because [he was] going to go to prison." R. vol. IV at 42–43.

A few months later, the probation office moved to revoke Miller's supervised release, identifying seven violations. The district court initiated revocation proceedings and ordered an arrest warrant for Miller. After his arrest, the probation office filed a superseding revocation petition.

The district court then held a revocation hearing. There, Miller admitted that he violated a release condition. Based on that admission, the court revoked

2

his supervised release. It then imposed an above-guidelines sentence of twenty-four months' imprisonment and three years' supervised release. Other than to confirm his admission, the court did not personally address Miller or invite him to speak during the hearing.

Miller timely appealed his sentence.[1]

## STANDARD OF REVIEW

Miller never objected to the denial of his allocution rights. We review "unpreserved allocution errors" for plain error. *United States v. Bustamante-Conchas*, 850 F.3d 1130, 1137 (10th Cir. 2017) (en banc). To establish plain error, a defendant must show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

## DISCUSSION

Miller argues that district courts must personally address defendants and invite them to speak during revocation hearings. He suggests that the court here plainly erred by not inviting him to allocute.

At the same time, Miller concedes that our precedent holds otherwise. In *United States v. Craig*, the defendant argued that the district court erred by not inviting him to allocute at his revocation hearing. 794 F.3d 1234, 1236 (10th Cir. 2015), *overruled in part by*, *Bustamante-Conchas*, 850 F.3d at 1144.

---

[1] The government chose not to file a response brief.

3

Applying plain-error review, we rejected the defendant's challenge. *Id.* at 1238–39. We reasoned that the court's alleged error wasn't "plain" because neither Supreme Court nor Tenth Circuit precedent established that courts must invite defendants to allocute at revocation hearings. *Id.*

According to Miller, *Craig* controls. And he admits that he "has no arguable basis on which to distinguish" it. Op. Br. at 5. So he appeals "only to preserve [his] ability to seek *en banc* review." *Id.* at 1. In fact, he repeatedly asks us to "affirm his sentence" and "free [him] to ask the full court for relief." *Id.* at 15.

We rely on the parties to frame the issues on appeal. *See Clark v. Sweeney*, 607 U.S. ----, 2025 WL 3260170, at *1 (Nov. 24, 2025) (per curiam). Because Miller doesn't request reversal, we affirm.

## CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Gregory A. Phillips
Circuit Judge

4